Argued and submitted November 7, 1990, peremptory writ of mandamus issued
July 25, 1991

# STATE ex rel Honorable Ralph CURRIN,
## *Plaintiff-Relator,*

*v.*

# COMMISSION ON JUDICIAL FITNESS
# AND DISABILITY
## and David Knowles,
## *Defendants.*

## (SC S37117)

815 P2d 212

Brant M. Medonich, of Kottkamp & O'Rourke, Pendleton, argued the cause and filed the petition and reply for plaintiff-relator.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for defendant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Carson, Gillette, Unis, and Graber, Justices.

GILLETTE, J.

## GILLETTE, J.

This is an original mandamus proceeding. Relator is a judge of the District Court of Umatilla County. Defendants are the Commission on Judicial Fitness and Disability and its Executive Director (hereafter collectively referred to as "the Commission"). Relator is the subject of a disciplinary proceeding instituted by the Commission, in which it is alleged that Relator, while discharging his duties as a judge, "engaged in conduct which tends to erode public confidence in the integrity of his court by on at least two occasions deciding traffic infraction cases before him by flipping a coin." Relator has requested, and the Commission has refused to provide, copies of any written complaints against him and an opportunity to depose the complainants. Relator also has requested, and the Commission has denied, a subpoena for the Executive Director of the Commission and a subpoena for a copy of the Commission's file concerning Relator.

Relator brought the present original proceeding in this court, seeking to compel the Commission to comply with his requests. We issued an alternative writ directing the Commission to vacate its decision "insofar as it denied Relator's request to supply Relator copies of complaints filed against him and an opportunity to depose the person or persons who filed the complaints."[1] The Commission declined to change its decision. We now determine that Relator is entitled to a modified version of the relief that he seeks.

We note at the outset that this case presents some contrast between what, at bottom, Relator is *entitled to* and what he *seeks*. What Relator without question is *entitled to* in this case is *notice, i.e.,* information sufficiently specific to permit Relator to understand precisely where, when, how, and before whom he is alleged to have committed acts tending to erode the confidence of the public in him as a judge. Such notice is necessary to permit Relator to prepare a defense to the charge against him.

---

[1] We did not direct the Commission to vacate its decision refusing to issue subpoenas for its Executive Director and its file on Relator. Although mentioned in both parties' briefs, issues concerning refusal to issue those subpoenas are not before us.

Adequate notice is a necessary component of due process of law. *Memphis Light, Gas & Water Div. v. Craft,* 436 US 1, 13, 98 S Ct 1554, 56 L Ed 2d 30 (1978)(citing *Mullane v. Central Hanover Tr. Co.,* 339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950)); *Tupper v. Fairview Hospital,* 276 Or 657, 662, 556 P2d 1340 (1976). Whether Relator has received adequate notice enabling him to prepare a defense is an issue that occupied considerable discussion time during the oral argument in this case. A technical reading of Relator's petition, however, discloses that Relator did not specifically seek, and we did not by our alternative writ direct the Commission specifically to provide, "notice." Instead, we issued the alternative writ to give the Commission the opportunity to grant Relator what he specifically had asked for.

What Relator specifically had asked for is *discovery, i.e.,* copies of written complaints made against him and the opportunity to depose the complainants. Relator acknowledges that no statute or rule expressly gives him the right to such discovery. He claims that he is entitled to it nonetheless by implication from certain statutes and rules, as well as under the Due Process Clause of the Fourteenth Amendment. We examine his contentions in that order.

## I. CLAIMS BASED ON STATUTES AND RULES

Relator relies on several non-constitutional sources of authority for what he asserts are his rights to examine the complaints filed against him with the Commission and to depose the complainants. A discussion of each of the alleged sources of authority follows.

### A. ORS 1.025

Relator relies first on ORS 1.025, which provides:

"(1) Where a duty is imposed by law or the Oregon Rules of Civil Procedure upon a court, or upon a judicial officer, clerk, bailiff, sheriff, constable or other officer, which requires or prohibits the performance of an act or series of acts in matters relating to the administration of justice in a court, it is the duty of the judicial officer or officers of the court, and each of them, to require the officer upon whom the duty is imposed to perform or refrain from performing the act or series of acts.

"(2) Matters relating to the administration of justice include, but are not limited to, the selection and empaneling of juries, the conduct of trials, the entry and docketing of judgments and all other matters touching the conduct of proceedings in courts of this state.

"(3) The duty imposed by subsection (1) of this section may be enforced by writ of mandamus."

Relator appears to rely on that statute primarily to justify our accepting this case as a proper subject of mandamus, but he also seems to imply that the statute creates substantive duties pertinent to the proceeding. If the latter argument is intended, it is mistaken. As ORS 1.025(1) states, the statute speaks to "matters relating to the administration of justice *in a court.*" (Emphasis supplied.) Proceedings before the Commission are not "in a court." The statute imposes no duty on the Commission.

### B. ORCP 39-46

Relator next asserts that proceedings before the Commission are civil in nature and subject to the Oregon Rules of Civil Procedure. More specifically, Relator relies on ORCP 39 through 46, including provisions for the taking, in civil cases, of "the testimony of any person, including a party, by deposition upon oral examination," ORCP 39A, or "upon written questions," ORCP 40A; for the production, for purposes of inspection and copying, of documents and other "tangible things," ORCP 43A; and for requests for admissions, ORCP 45.

The Oregon Rules of Civil Procedure do not apply to proceedings before the Commission. The Commission has statutory authority to adopt rules of procedure governing its investigations and hearings. ORS 1.415(3). It has done so, but the rules do not include an adoption of ORCP. Moreover, the rules do not, by their own terms, apply. ORCP 1A ("These rules govern procedure and practice in all circuit and district courts of this state"). A proceeding before the Commission is not one in a circuit or district court.

### C. OSB Rule of Procedure 4.5

Relator also relies on Oregon State Bar Rule of Procedure 4.5, which provides for requests for admissions, production of documents, and taking of depositions in lawyer discipline cases. This is not a lawyer discipline case. The Bar

rules on their face do not purport to apply to Commission proceedings. Even if they did, the Bar has no authority to bind the Commission to any Bar rule of procedure.

### D. Commission Rule 16

■ Finally, Relator relies on the Commission's own Rule of Procedure 16(a), which provides:

> "In formal proceedings a judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evidentiary matter."

That rule does not entitle Relator to the discovery he seeks *at this time*. An accused judge's "right and reasonable opportunity to defend against the charges by the introduction of evidence" is not, by its own terms, a *pre-hearing* right. It refers to a right that exists when the formal hearing takes place. Likewise, the right to subpoena, when read in context, is a right to obtain the attendance of witnesses or to compel the production of books, papers, and other evidentiary matter at the hearing, not before.

Relator's claim of a right to discovery based on statutes and rules is not well taken. We turn to Relator's constitutional argument.

## II. CLAIMS BASED ON CONSTITUTIONAL DUE PROCESS

■ Relator argues that the Commission's refusal of his discovery requests denies his right to due process under the Due Process Clause of the Fourteenth Amendment.[2] The

---

[2] Section 1 of the Fourteenth Amendment to the Constitution of the United States provides:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Relator also relies on Oregon Constitution, Article I, section 11, and the Sixth

Commission does not deny that Relator is entitled to due process with respect to the proceedings brought against him. The dispute in this case is over what process is due.

The Commission argues in essence that Relator's constitutional argument is flawed because it is too specific, *i.e.,* it asks for a particular *form* of relief — discovery — while the requirement that the Commission accord Relator due process is not so particularized. The Commission has a point, as far as it goes. Relator has pointed to no case, and we are aware of none, that would require, as a matter of due process, the specific forms of discovery that Relator seeks.

But the Commission's argument still proves too much. As noted, Relator is entitled to notice of the charges against him. *Memphis Light, Gas & Water Div. v. Craft, supra; Tupper v. Fairview Hospital, supra.* He has not received adequate notice thus far. Compliance with Relator's demands might well be sufficient to provide such notice. (Certainly, Relator could not claim otherwise in this proceeding.) Other methods of providing notice — as, for example, giving Relator a bill of particulars, including the names of the complainants, if any, and the places where and dates when the pertinent events allegedly occurred — also might suffice. But Relator is entitled to *something* more than he has received so far.

While the foregoing legal conclusion does not establish that Relator is entitled *as a matter of law* to the *discovery* relief that he seeks here, we shall not read his petition (nor our alternative writ) so hypertechnically as to deny him relief on that account. Relator is entitled to, and the Commission is legally obligated to give, constitutionally adequate notice now. The *form* such notice may take lies in the discretion of the Commission — we shall not dictate the form the notice must take — but the *substance* of adequate notice, as described in this opinion and in the cases on which we rely, must be provided to Relator. A peremptory writ directing the Commission to provide constitutionally adequate notice to Relator shall issue.

Peremptory writ of mandamus to issue.

---

Amendment to the Constitution of the United States, but both of those provisions relate only to criminal prosecutions, which this case is not.